**UNITED STATES of America INTERNAL REVENUE SERVICE**

**v.**

**Algernon C. GIBBS.**

**Misc. No. 3542.**

United States District Court
W. D. Pennsylvania.

Oct. 5, 1964.

Gilbert Morcroft, Pittsburgh, Pa., for defendant.

Nick S. Fisfis, Asst. U. S. Atty., for plaintiff.

GOURLEY, Chief Judge.

This proceeding arises under Rule 41 (e) of the Federal Rules of Criminal Procedure on the motion of Algernon Gibbs, defendant, to suppress evidence and return property seized in connection with alleged violations of Sections 7302, 4411 and 4412 of the Internal Revenue Code of 1954. 68A Stat. 867, 527; 26 U.S.C.A. §§ 7302, 4411, 4412.

The motions are based on the legal theses that no probable cause existed for the issuance of the warrants and that the daytime warrants were executed illegally because the search took place after sunset.

On July 28, 1964, at 8:45 p. m., E.D. S.T., special agents of the Internal Revenue Service, executed two search warrants issued by a United States Commissioner, one for the search of Gibbs and the other for one 1959 blue Buick four-door sedan, each more fully described in the warrants. The returns of the agents show that $435.00 in currency, four adding machine tapes and twenty-three miscellaneous cards, papers and slips were seized from the person of Gibbs and that the Buick sedan was seized under the other warrant.

After a most meticulous review of all the evidence, documentary and oral in nature, and an evaluation of the authorities, it is the considered judgment of the Court that the motions should be denied.

■ The Court finds that there was probable cause for the issuance of the warrants. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1959). In the instant situation a substantial basis existed for crediting the hearsay since the informants were employed by the Revenue Service as special agents who were sworn by the affiant to have been reliable sources in the past. A substantial basis also existed for the affiants belief that petitioner was violating the aforementioned sections of the Internal Revenue Code in light of the observations made by the informants.

■ The warrants were executed legally in that uncontested testimony reveals that there was sufficient daylight to read the warrant and recognize a man's features. United States v. Woodson, 303 F.2d 49 (6th Cir. 1962). The Court also takes judicial notice of the records of the United States Department of Commerce, Weather Bureau, for July 28, 1964, which represent that sunset on that date occurred at 8:39 p. m., E.D. S.T.

■ Finally, the Court finds that the items were properly seized and retained by the government as they are fruits of a crime and instrumentalities by which

a crime was committed. Harris v. United States, 331 U.S. 145, 154, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947).

### ORDER

Now, therefore, this 5th day of October, 1964, the motions of Algernon C. Gibbs to suppress evidence and return seized property, are, in each instance, denied.